UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yoel Del Sol Gonzalez (A-Number: 097-935-507),<br>Petitioner,<br>v.<br>Christopher Chestnut, et al.,<br>Respondents. | No. 1:26-cv-06669-KES-CDB<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Docs. 1, 4 |

Petitioner Yoel Del Sol Gonzalez ("petitioner" or "Gonzalez") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, as well as a motion for a temporary restraining order. Doc. 4. Gonzalez was admitted to the United States on a K-1 visa in 2005. Doc. 1 at 11. He has been detained since July 6, 2026. *Id.* at 2. Gonzalez challenges his detention under the Fifth Amendment's Due Process Clause as he has not been provided a bond hearing. *Id.* at 27–30.

In their opposition, respondents contend that Gonzalez is detained under the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(B) as he was convicted of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance as defined by section 102 of the Controlled Substances Act, 21 U.S.C. § 802, other than a single offense involving possession of one's own use of 30 grams or less of marijuana. Doc. 9 at 2. Respondents argue that, as Gonzalez is detained under § 1226(c), he has no statutory right to a bond hearing. *Id.* Respondents also argue that Gonzalez's detention does not violate due process.

*Id.* at 3–6.

The petition is denied. Petitioner's detention does not violate due process as respondents' records confirm that he is detained pursuant to § 1226(c), and petitioner has been detained for less than two months. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879–882 (E.D. Cal. 2022); *Doe v. Chestnut*, 810 F. Supp. 3d 1169, 1178–1184 (E.D. Cal. 2025); *Rodriguez v. Nielsen*, No. 18-cv-04187-TSH, 2019 WL 7491555, at *4 (N.D. Cal. Jan. 7, 2019); *Lebedev v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01391-KES-SAB-HC, 2026 WL 482733, *5–8 (E.D. Cal. Feb. 20, 2026).

Accordingly, the petition for writ of habeas corpus, Doc. 1, is DENIED, without prejudice to petitioner raising a prolonged detention claim if his detention becomes unduly prolonged. The motion for temporary restraining order, Doc. 3., is DENIED as moot.

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for respondents. The Clerk is directed to serve Golden State Annex Facility.

IT IS SO ORDERED.

Dated: August 31, 2026

UNITED STATES DISTRICT JUDGE